**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) DEWON D. ASBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-214-JHP |
| | ) | |
| (1) THE OKLAHOMA DEPARTMENT OF CORRECTIONS; | ) ) | |
| (2) TAMMY SHAW, Correctional Officer of the Oklahoma Department of Corrections in Her Official and Individual Capacity; | ) ) ) | |
| (3) BRAD SUTER, Correctional Officer of the Oklahoma Department of Corrections in His Official and Individual Capacity; | ) ) ) | |
| (4) SHANA BALLARD, Correctional Officer of the Oklahoma Department of Corrections in Her Official and Individual Capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Defendants Oklahoma Department of Corrections ("DOC"), Brad Suter, and Shana Ballard's Motion to Dismiss or in the Alternative, Motion for Summary Judgment [Docket No. 32]; Plaintiff Dewon Asberry's Response in Opposition [Docket No. 35]; and Defendants' Reply to the Response [Docket No. 37]. Also before the Court are Defendant Marty Sirmons' Motion to Dismiss, or in the Alternate, Motion for Summary Judgment [Docket No. 41][1]; Plaintiff's Response in Opposition [Docket No. 44]; and Defendant's Reply to the

---

[1] Because Defendant Marty Sirmons was not named in Plaintiff's Amended Complaint [Docket No. 29] his Motion to Dismiss is moot. However, the Court recognizes that there was confusion among the parties as to whether Sirmons remained a defendant in the case. *See* Motion to File Motion to Dismiss Out of Time [Docket No. 38]. Because of this confusion, and because the exhaustion issue raised by Sirmon's is common to the other Defendants' Motion to

1

Response [Docket No. 45]. Because Plaintiff failed to exhaust his administrative remedies, Defendants' Motions to Dismiss are GRANTED.

**BACKGROUND**

At all times pertinent to this law suit, Plaintiff was an inmate at the Oklahoma State Penitentiary ("OSP") located in McAlister, Oklahoma. Plaintiff alleges that on December 16, 2006, between 3:30 and 5:20 p.m., he was attacked while in his cell by two other inmates, Dillard and Johnson. According to Plaintiff, the two inmates were allowed to enter his cell by Defendants Tammy Shaw and Brad Suter, both correctional officers at OSP. As a result of the attack, Plaintiff was left unconscious and in need of medical attention. Defendants Suter and Shaw allegedly knew that Plaintiff was in this condition, yet refused to provide him with any medical treatment. Additionally, Plaintiff claims that Defendant Ballard also observed him in this condition and failed to provide medical treatment. No medical treatment was provided by the DOC or its employees until 3:00 a.m. Plaintiff was in a coma for many days and hospitalized several months after the attack. Plaintiff alleges that one of his attackers, inmate Dillard, had a long-standing romantic relationship with Defendant Shaw. According to Plaintiff, this relationship is the reason why Shaw allowed the attackers into Plaintiff's cell and then refused to provide him medical assistance. Plaintiff claims that he continues to suffer from partial paralysis, speech problems, impaired cognitive ability and memory loss caused by the attack.

On June 11, 2008, Plaintiff filed a Complaint[2] against the DOC, Marty Sirmons, Emma

---

Dismiss, the Court analyzes Sirmon's motion as if he were a proper Defendant in the case and finds that it should be granted.

[2] An Amended Complaint was filed on August 8, 2008 [Docket No. 29].

Watts, Tammy Shaw, Brad Suter, and Shana Ballard. Plaintiff states 6 causes of action pursuant to 42 U.S.C. §§ 1983, 1985, and Oklahoma state law for violation of Plaintiff's Eighth Amendment and state law rights. Defendants argue that Plaintiff failed to exhaust his administrative remedies pursuant to the grievance procedures set forth by the DOC. Defendants further argue that the DOC is not a proper Defendant because it is immune from suit under the Eleventh Amendment and under the Oklahoma Government Tort Claims Act. Additionally, Defendants claim that the official capacity claims against all Defendants must be dismissed because Plaintiff has not requested prospective equitable relief. Defendant Ballard asserts that Plaintiff has failed to sufficiently state a claim against her for conspiracy to violate Plaintiff's rights. Because the issue of proper exhaustion of administrative remedies is dispositive and common to both Motions to Dismiss [Docket Nos. 32, 41], the Court will consolidate its analysis of the two motions. [3]

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.SC. § 1997, states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has held "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). "An inmate who begins the grievance process but does not complete it is barred

---

[3] The Court does not need to address the additional arguments set forth in Defendants' briefs because the failure to exhaust his administrative remedies is dispositive as to all Plaintiff's federal claims.

3

from pursuing a 42 U.S.C. § 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Furthermore, the PLRA requires "proper exhaustion" and this requirement is not satisfied when grievances are dismissed because a prisoner missed deadlines set by the grievance policy. *Jones,* 549 U.S. at 217-18. It is the individual prison's procedural requirements, not the PLRA, which determines whether a claim was properly exhausted. *Id*. at 218.

Neither the DOC's grievance procedures nor the steps taken by Plaintiff in filing his grievances are in dispute. First, the DOC's grievance procedure requires an inmate to file a Request to Staff within seven days of the incident over which the inmate is complaining. Only one issue may be raised per each Request to Staff. Second, if the inmate does not receive an adequate response, he may file a formal grievance with the faculty head within fifteen days of the Request to Staff. Next, if the inmate does not receive an adequate response to the formal grievance, he may request an administrative review by appealing the grievance response to the administrative review authority ("ARA") within fifteen days after receiving his response. If after thirty days the inmate has not received a response to his formal grievance , he may appeal to the ARA requesting only that the grievance be answered. Only a proper appeal to the ARA results in a final order which exhausts the administrative process.

In this case, Plaintiff did not file a Request to Staff within seven days of the incident. The earliest Request to Staff filed by Plaintiff was March 5, 2007, and the incident in which Plaintiff was attacked occurred in December, 2006. However, Plaintiff was hospitalized for several months after the attack and claims that he was not physically able to timely file his Request. The PLRA does not preclude a judicial action where a inmate's untimely filing of a

grievance was the result of a physical injury. *Days v. Johnson*, 322 F.3d 863, 867-68 (5th Cir. 2003); *overruled by implication on other grounds by Jones*, 549 U.S. 199. Accordingly, for the purpose of analyzing Defendants' motions, the Court will treat Plaintiff's initial Requests to Staff as being timely filed. Even assuming Plaintiff began the grievance process in a timely manner, Plaintiff still failed to properly exhaust his administrative remedies.

Plaintiff filed three different Requests to Staff regarding the incident. Plaintiff did not receive an adequate response to his first Request, sent on March 5, 2007, and subsequently filed a formal grievance. Plaintiff received no response to his formal grievance and requested an administrative review of his grievance. Plaintiff's request for administrative review was returned to him because he raised more than one issue and the procedure allowed him only to request that his grievance be answered. Plaintiff was given instructions on how to correct the deficiencies in his request and was allowed ten days to do so. Plaintiff did not correct the deficiencies in a timely manner.

Plaintiff's second Request to Staff, sent March 18, 2007, was also not adequately responded to at the Request to Staff or the formal grievance stage. When Plaintiff requested an administrative review he did not adhere to the requirement that he only request that his grievance be answered and he did not attach the responses he received to his Request to Staff or formal grievance. Plaintiff was advised that because of his failure to follow instructions, his claim was time barred and should not be resubmitted. Plaintiff's final Request to Staff was sent on March 29, 2007. This time, after filing a formal grievance, Plaintiff requested an administrative review before he received a response to his grievance and without waiting the mandatory thirty days. Plaintiff was informed that he did not follow the procedure and was banned from further

5

pursuing the issue regarding the December incident. Plaintiff was warned that further grievances may result in restrictions.

Plaintiff concedes Defendants' argument that he did not follow the grievance procedures as specifically set forth by the DOC. Instead, Plaintiff argues that he substantially complied with the grievance procedure and that his substantial compliance should be considered an exhaustion of administrative remedies. Plaintiff's argument fails, however, because the Tenth Circuit has clearly held that substantial compliance is insufficient when it comes to the exhaustion of administrative remedies under the PLRA. *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Furthermore, claims rejected by prison grievance systems for procedural defects are still considered unexhausted for the purpose of determining whether they may be pursued in court. *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006); *overruling on other grounds recognized by Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008). Here, Plaintiff's grievances were eventually barred because he did not follow the correct procedure in requesting an administrative review, even after he was given an opportunity to correct the defects. Plaintiff never received a final order from the ARA which is required in order to exhaust his administrative remedies under the DOC's procedure. The cases cited by Plaintiff offer no support for the argument that his substantial compliance should be considered full exhaustion of his administrative remedies in this case. Accordingly, Plaintiff's federal claims against Defendants must be dismissed because he did not exhaust his administrative remedies prior to bringing this suit as required by the PLRA. Since Plaintiff's federal claims are dismissed, the Court exercises its discretion to dismiss the pendent state law claims without prejudice.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motions to Dismiss are GRANTED.

IT IS SO ORDERED this 21st day of January, 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma